IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| DANIEL TILLI, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 13-4435 |
| | : | |
| WILLIAM FORD, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**　　　　　　　　　　　　　　　　　　　　　**SEPTEMBER 24, 2013**

Presently before this Court is Plaintiff's Motion for Recusal. For the reasons set forth below, Plaintiff's Motion is denied.

**I.　　BACKGROUND**

On July 30, 2013, Plaintiff, Daniel Tilli ("Plaintiff"), filed a pro se Complaint against Defendants, William Ford (Defendant Ford), Andrea Naugle (Defendant Naugle) and the County of Lehigh (Defendant Lehigh County) (collectively "Defendants") in federal court alleging violations of his civil rights.[1] See Compl. at 1. This action was subsequently assigned to the Honorable Robert F. Kelly. Id. On August 6, 2013, Plaintiff filed a Motion to Recuse Judges Robert F. Kelly ("Judge Kelly") and Legrome Davis ("Judge Davis").[2] See Pl.'s Mot. to Recuse.

---

[1] Jurisdiction is proper pursuant to 42 U.S.C. §§ 1983, 1985. A pro se litigant's complaint is to be construed liberally. Ruff v. Healthcare Adm'r, 441 F. App'x 843 (3d Cir. 2011).

[2] As a preliminary matter, we note that Judge Davis bears no relation to the litigation as this action is assigned to Judge Kelly. Consequently, the recusal of Judge Davis is not necessary and Plaintiff's Motion is denied as to Judge Davis.

## III. STANDARD OF LAW

Pursuant to 28 U.S.C. § 455(a), a Judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "An objective standard is used to determine whether 'impartiality might reasonably be questioned.'" Daniels v. Wilson, 507 F. App'x 158, 161 (3d Cir. 2012) (citing Liteky v. United States, 510 U.S. 540, 548 (1994)). Whether the judge was actually biased is irrelevant; the inquiry solely concerns whether a "reasonable person might perceive bias to exist." In re School Asbestos Litig., 977 F.2d 764, 782 (3d Cir. 1992). In other words, recusal is mandated if "a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality." Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir. 1983)). Interpreting § 455(a) in this manner reflects an emphasis on safeguarding the public's confidence in the judiciary. In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003).

## IV. DISCUSSION

Plaintiff's Motion for this Court's recusal is premised on two grounds: (1) I presided over a previous lawsuit filed by Plaintiff,[3] and (2) Plaintiff filed a complaint with the United States Court of Appeals for the Third Circuit ("Third Circuit") against me. See Pl.'s Motion to Recuse Judges. However, Plaintiff's claims are not accompanied with any specific factual information. Upon investigation of Plaintiff's contentions, we have found that I presided over two prior litigations originated by Plaintiff. In 2000, Plaintiff filed suit claiming civil rights

---

[3] As we note later in this Opinion, Plaintiff is incorrect in his assertion. Judge Kelly has presided over two actions originated by Plaintiff.

2

violations against United States District Judge Joseph Irenas and Magistrate Judge Joel Rosen. See Tilli v. Irenas, et al., No. 00-4717, 2000 WL 1428680, at *1 (E.D. Pa. Sept. 27, 2000), *aff'd*, 275 F.3d 38 (3d Cir. 2001), *cert. dismissed*, 534 U.S. 1038 (2001). I dismissed this case as frivolous, and the Third Circuit affirmed the dismissal. Id. In 2009, Plaintiff initiated a suit against the Exxon-Mobil Oil Corporation. See Tilli v. Exxon-Mobil Oil Corp., et al., No. 09-1301, at *1 (E.D. Pa. April 3, 2009), *aff'd*, No. 09-2279 (3d Cir. Sept. 17, 2009). This suit was dismissed without prejudice for the following reasons: (1) Plaintiff failed to satisfy the requirements for *in forma pauperis* status; (2) Plaintiff neglected to satisfactorily state grounds for this Court's jurisdiction; and (3) Plaintiff failed to support his claim for damages. Id. The Third Circuit subsequently affirmed my dismissal. Id.

The fact that a judge ruled against Plaintiff in a prior unrelated litigation does not constitute a basis for recusal unless these rulings exhibit a "deep-seated antagonism that would make fair judgment impossible." Atwell v. Schweiker, 274 F. App'x 116, 117 (3d Cir. 2007) (citing Liteky, 510 U.S. at 555). Here, Plaintiff neglects to set forth any evidence of "antagonism" and I fail to discern any. In the absence of such evidence, I reject the contention that my prior participation mandates recusal as "judicial rulings alone almost never constitute a valid basis for a bias motion." Id.

Furthermore, the mere fact that Plaintiff had at one time filed a complaint against me is not sufficient to establish that recusal is warranted.[4] See Azubuko v. Royal, 443 F.3d 302, 304

---

[4]Again, Plaintiff has failed to provide any specific details of this complaint against me, and I have failed to find anything during my subsequent research. However, I accept as true all factual assertions set forth by Plaintiff for the purposes of this motion. See Cooney v. Booth, 262 F. Supp.2d 494, 500 (E.D. Pa. 2003).

(3d Cir. 2006). As a practical matter, finding otherwise would provide an avenue to allow litigants to judge shop by filing a suit against the presiding judge. Id. (citing In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005)); see also United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986). This general rule is even more critical in cases, such as this one, where a litigious plaintiff exhibits the propensity to initiate frivolous actions against the judges with whose adverse rulings he disagrees. See Tilli, 2000 WL 14286801 (civil rights action against two Judges dismissed as frivolous); Tilli v. Antwerpen, et al., No. 95-2519 (civil rights action against four Judges dismissed with prejudice); Tilli v. Northampton Co., 370 F. Supp. 459 (E.D. Pa. 1974) (civil rights action against one Judge dismissed).

In conclusion, Plaintiff has failed to support his Motion with any evidence casting doubt upon my impartiality. Even the most critical review of the history between Plaintiff and myself would not permit a "reasonable person" to "harbor doubts" concerning my partiality. Jones, 899 F.2d at 1356. Rather, it is evident that Plaintiff will be able to attain the fair and impartial adjudication of his claims. Accordingly, Plaintiff's Motion for Recusal is denied.

An appropriate Order follows.